# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5813 | **DATE** | 12/22/2010 |
| **CASE TITLE** | Tidwell v. State of Illinois | | |

**DOCKET ENTRY TEXT:**

Petitioner Tidwell's Rule 60(b) motion is denied.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

In 1994, petitioner Cleother Tidwell ("Tidwell") was convicted of attempted murder and aggravated battery with a firearm and was sentenced to 55 years in prison for shooting a former girlfriend in the back while she was sitting in church. In 1997, Tidwell filed a federal habeas petition, which was denied by this Court in November 1998. One of Tidwell's chief arguments in his habeas petition was that the state court erred in failing to instruct the jury with respect to a lesser included offense. Tidwell appealed to the Seventh Circuit Court of Appeals, which affirmed the decision because it agreed with this Court that there was no miscarriage of justice when Tidwell was denied the jury instruction.

More than a decade after the Seventh Circuit issued its opinion affirming the denial of Tidwell's habeas petition, Tidwell has filed a Rule 60(b) motion for relief from the judgment denying the habeas petition. Tidwell asserts that he is bringing his motion under Rule 60(b)(3), which allows relief due to fraud, misrepresentation, or misconduct, and Rule 60(b)(6), which allows relief for "any other reason that justifies relief." His motion is voluminous, but it boils down to Tidwell arguing that the state court judge should have instructed the jury on a lesser included offense.

The first problem with Tidwell's motion is that it is too late. "A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." *See* Fed.R.Civ.P. 60(c)(1). Tidwell's Rule 60(b)(3) argument is time-barred, because it was not made within one year. With respect to the remainder of Tidwell's motion, the Court concludes that Tidwell did not file it within a reasonable amount of time. Ten years is not a reasonable amount of time, particularly where, as here, Tidwell makes the same arguments he made before the district court and appellate court the first time around. Tidwell's motion is untimely and is denied for that reason.

| STATEMENT |
|---|
| Of course, even if Tidwell had filed a timely motion, the Court still would have denied it.  In this motion, Tidwell, again, argues that the state court judge should have instructed the jury on a lesser included offense.  The problem with this argument is that Tidwell already made it before this Court and made it again before the Seventh Circuit Court of Appeals.  Rule 60 motions are not for making arguments that a litigant made or could have made on appeal. "A motion under Rule 60(b) is a collateral attack on the judgment and the grounds for setting aside a judgment under this rule must be something that could not have been used to obtain reversal by means of a direct appeal." *Kiswani v. Phoenix Security Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009). |